**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| THOMAS E. MORRIS, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-00878-HEA |
| UNKNOWN DAVIS, et al., | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2); Motion for Appointment of Counsel (ECF No. 4); and Motion to Amend Complaint (ECF No. 9). The Court will address each in turn.

**1. Application to Proceed in District Court without Prepaying Fees or Costs**

Plaintiff is incarcerated at the Boonville Correctional Center in Boonville, Missouri. (ECF No. 8). He seeks to proceed in this litigation with prepaying fees or costs. (ECF No. 2). Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the

prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id*.

In support of his Application, Plaintiff has submitted a certified account statement that reflects deposit activity from October 30, 2023 to April 30, 2024. (ECF No. 3). The statement shows a balance of $0.02 and a single deposit for $1.12. *Id.* Based on this information, the Court finds that Plaintiff has insufficient funds to pay an initial partial filing fee. Thus, the Court will grant Plaintiff's Application and will not assess an initial partial filing fee at this time.

**2. Motion for Appointment of Counsel**

Plaintiff asks the Court to provide an attorney for him in this matter. (ECF No. 4). A litigant in a civil case does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having reviewed these factors, the Court finds that the appointment of counsel is not warranted at this time. Because Plaintiff intends to file an amended complaint, the Court cannot yet determine whether he has stated a non-frivolous claim. Additionally, neither the factual nor the

legal issues in this case appear to be complex. For these reasons, the Court will deny Plaintiff's Motion for Appointment of Counsel. The Court may entertain future motions for appointment of counsel as the case progresses.

### 3. Motion to Amend Complaint

Plaintiff also seeks leave to amend his complaint. (ECF No. 9). A district court should freely grant leave to amend when justice so requires. *See Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024) (cleaned up). Because service has not yet occurred in this matter, the Court will grant Plaintiff's motion and give him thirty (30) days to file an amended complaint on the Court-provided form.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**. The Court will waive the initial partial filing fee under 28 U.S.C. § 1915(b)(4).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to Plaintiff a copy of the Court's "Prisoner Civil Rights Complaint" form (MOED-0036).

**IT IS FURTHER ORDERED** that Plaintiff shall complete the form in its entirety and return it to the Court within **thirty (30) days** of the date of this Order. Failure to do so will result in the dismissal of this action without prejudice and without further notice.

Dated this 16th day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE