UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS E. MORRIS III, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-00878-HEA |
| UNKNOWN DAVIS, et al., | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

Plaintiff Thomas E. Morris III, a self-represented pretrial detainee, brings this action under 42 U.S.C. § 1983 against Officer Davis and other unnamed officers in their individual and official capacities. (ECF No. 12 at 2–3). Morris claims that Defendants used excessive force against him during his confinement at the Phelps County Sheriff's Department. *Id*. at 3–5. Because Morris is proceeding *in forma pauperis*, the Court must review his amended complaint under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, Morris may proceed on his excessive-force claim against Davis in his individual capacity. The Court dismisses all other claims.

**I.    Background**

Morris alleges that on March 1, 2024, Officer Davis admonished him for urinating in the jail's shower. (ECF No. 12 at 3). He further alleges that, after a brief exchange, he clothed himself, placed his hands on his head, and faced the wall. *Id*. According to Morris, Officer Davis then entered the shower area with approximately six other officers and ordered him to lie on the floor. *Id*. at 4. When Morris refused, Davis allegedly deployed a Taser against Morris's chest. *Id*. Morris alleges that he removed the probes with one hand before another officer sprayed him with a chemical agent. *Id*. Morris further alleges that the officers then "piled" onto him, restrained him in handcuffs, and "paraded" him through the booking area en route to an eye-washing station. *Id*. at

4–5. Morris seeks monetary damages, review of the jail's use-of-force protocols, and improved training for jail staff. *Id*. at 6.

## II.     Legal Standard

Because Morris is proceeding *in forma pauperis*, his amended complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

When reviewing a complaint filed by a self-represented person under § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not

2

assume unalleged facts. *Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**III.   Discussion**

Morris asserts an excessive force claim against Defendants. Because he alleges that the events occurred while he was a pretrial detainee, his claim arises under the Due Process Clause of the Fourteenth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015).

1. **Officer Davis**

Morris alleges that Officer Davis ordered him to lie on the shower floor and, when Morris refused, deployed a Taser against Morris's chest even though Morris's hands were on his head and he was facing the wall. (ECF No. 12 at 3–4). The use of significant force against a non-resisting detainee may be objectively unreasonable. *See Kingsley*, 576 U.S. at 396–97; *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002). Accepting Morris's allegations as true, the Court finds that he has plausibly alleged that Davis used excessive force under the circumstances. Morris therefore may proceed on his § 1983 excessive-force claim against Davis in his individual capacity.

To the extent Morris asserts claims against Davis in his official capacity, those claims are treated as claims against the governmental entity employing him. *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Morris alleges that Davis works for the Phelps County Sheriff's Department. (ECF No. 12 at 2). However, the Sheriff's Department, as a subdivision of local government, is not a suable entity. *See, e.g., Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming summary judgment in favor of county jail because "county jails are not legal entities amenable to suit"). Accordingly, Morris cannot maintain a claim against the Sheriff's Department.

Even if Morris had named Phelps County itself, his allegations would fall short. To maintain a claim against the County, Morris would need to plausibly allege that the challenged conduct resulted from a County policy, a widespread custom, or a deliberately indifferent failure

3

to train. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Morris does not, however, allege facts suggesting that a County policy, custom, or practice caused the alleged use of force. In fact, he acknowledges that he has not experienced any other issues during his confinement at the Sheriff's Department. (ECF No. 12 at 5). Morris's interaction with Davis, standing alone, does not plausibly suggest the existence of an unconstitutional policy or custom. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) ("Generally, an isolated incident of alleged police misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983."). Accordingly, the Court dismisses Morris's official-capacity claim against Davis without prejudice.

### 2. Unnamed Officers

Morris also names unspecified "booking" and "property" officers and refers generally to other officers who allegedly sprayed him with a chemical agent, restrained him, and escorted him through the booking area. However, Morris does not identify these officers by name, describe them with any specificity, or allege facts demonstrating each individual's personal involvement in a constitutional violation.

Liability under § 1983 requires a defendant's personal involvement in the alleged misconduct. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Generalized allegations against unidentified groups of officers are insufficient. *Id.* ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Therefore, the Court dismisses Morris's claims against the unnamed officers without prejudice.

## IV. Conclusion

For the foregoing reasons, Morris may proceed on his excessive-force claim against Davis in his individual capacity. The Court dismisses all other claims.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue against Officer Davis in his individual capacity only.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall serve the summons and complaint upon Officer Davis at the address provided in the amended complaint. *See* Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** without prejudice for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate Order of Partial Dismissal accompanies this Opinion, Memorandum and Order.

Dated this 9th day of January, 2026.

          HENRY EDWARD AUTREY
          UNITED STATES DISTRICT JUDGE